# EXHIBIT 6

FILED DATE: 7/11/2023 11:21 AM    2023CH06380

## PROMISSORY NOTE

$333,200,000.00                                                                                    New York, New York
                                                                                                            June 8, 2018

FOR VALUE RECEIVED, **THOR PALMER HOUSE HOTEL & SHOPS LLC**, a Delaware limited liability company, as maker, having its principal place of business at c/o Thor Equities, LLC, 25 West 39th Street, New York, New York 10018 (together with its successors and permitted assigns, "**Borrower**"), hereby unconditionally promises to pay to the order of **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, a banking association chartered under the laws of the United States of America, as payee, having an address at 383 Madison Avenue, New York, New York 10179 (together with its successors and assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of Three Hundred Thirty-Three Million Two Hundred Thousand and No/100 Dollars ($333,200,000.00), in lawful money of the United States of America with interest thereon to be computed from the date of this Promissory Note (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, this "**Note**") at the Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement, dated the date hereof, between Borrower and Lender (as the same may hereafter be amended, restated, replaced, supplemented, renewed, extended or otherwise modified from time to time, the "**Loan Agreement**"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

### ARTICLE 1: PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times specified in Article 2 of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

### ARTICLE 2: DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due (subject to any applicable notice and/or grace periods, in each case, as expressly and specifically provided pursuant to the Loan Documents) or if not paid on the Maturity Date or on the happening of any other Event of Default.

### ARTICLE 3: LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if

USActive 42949339.4

they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## ARTICLE 4: SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender and (c) if through any contingency or event Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender.

## ARTICLE 5: NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6: WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents. If Borrower is a partnership, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership, and the term "**Borrower**," as used herein, shall include any alternate or successor partnership, but any predecessor partnership and their partners shall not thereby be released from any liability. If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "**Borrower**" as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. If any Borrower is a limited liability company, the agreements herein

contained shall remain in force and be applicable, notwithstanding any changes in the members comprising the limited liability company, and the term "**Borrower**" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company and their members shall not thereby be released from any liability. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

### ARTICLE 7: TRANSFER

Upon the transfer of this Note, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

### ARTICLE 8: EXCULPATION

The provisions of Section 9.3 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### ARTICLE 9: GOVERNING LAW

The governing law and related provisions contained in Section 10.3 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### ARTICLE 10: NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 10.6 of the Loan Agreement.

**[NO FURTHER TEXT ON THIS PAGE]**

FILED DATE: 7/11/2023 11:21 AM    2023CH06380

FILED DATE: 7/11/2023 11:21 AM   2023CH06380

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first above written.

BORROWER:

THOR PALMER HOUSE HOTEL & SHOPS LLC

By: _____
Name: Morris Missry
Title: Vice President

FILED DATE: 7/11/2023 11:21 AM    2023CH06380

## ALLONGE

ALLONGE to that certain Promissory Note dated as of June 8, 2018 in the original principal amount of $333,200,000.00, executed by THOR PALMER HOUSE HOTEL & SHOPS LLC, a Delaware limited liability company, payable to the order of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.

Pay to the order of WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2018-PHH, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-PHH WITHOUT RECOURSE OR WARRANTY EXCEPT AS SET FORTH IN THE TRUST AND SERVICING AGREEMENT, DATED AS OF AUGUST 7, 2018, BETWEEN J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., AS DEPOSITOR, KEYBANK NATIONAL ASSOCIATION, AS SERVICER, AEGON USA REALTY ADVISORS, LLC, AS SPECIAL SERVICER, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS CERTIFICATE ADMINISTRATOR, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, AND PARK BRIDGE LENDER SERVICES LLC, AS OPERATING ADVISOR.

Dated as of the 2 day of August, 2018

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

By: _____
Name: Nancy S. Alto
Title: Vice President

Reference No.: 7099.1.001
Matter Name: Palmer House Hilton
Pool: JPMCC 2018-PHH

97355