# EXHIBIT 9



***Notice of Material Breach, Document Defect and 15Ga-1 Notice***
"Repurchase Request" Pursuant to MLPA Section 8

| | |
|---|---|
| **VIA E-MAIL**<br>J.P. Morgan Chase Commercial<br>Mortgage Securities Corp.<br>383 Madison Avenue, 8th Floor,<br>New York, New York 10179,<br>Attn: Kunal K. Singh<br>US_CMBS_Notice@jpmorgan.com | **VIA E-MAIL**<br>J.P. Morgan Chase Commercial Mortgage<br>Securities Corp.<br>4 New York Plaza, 21st Floor<br>New York, New York 10004<br>Attn: Bianca A. Russo, Esq.<br>Email: US_CMBS_Notice@jpmorgan.com |

The Parties listed on Exhibit A attached hereto.

RE:    Notice of Material Breach, Material Document Defect and "Repurchase Request" regarding:

That certain Loan Agreement (the "Loan Agreement"), dated June 8, 2018, between Thor Palmer House Hotel & Shops LLC ("Borrower") and JPMorgan Chase Bank, National Association ("JPMCB", as "Lender") (the "Mortgage Loan");

Mortgage Loan Purchase Agreement ("MLPA") dated July 27, 2018, and which became effective on August 7, 2018, between J.P. Morgan Chase Commercial Mortgage Securities Corp. (as "Purchaser") and JPMCB (as "Seller"); and

Trust and Servicing Agreement between J.P. Morgan Chase Commercial Mortgage Securities Corp., as Depositor, KeyBank National Association, as Servicer, Situs Holdings, LLC as successor to Aegon USA Realty Advisors, LLC, as Special Servicer, Wells Fargo Bank, National Association as Certificate Administrator and Trustee, and Park Bridge Lender Services, LLC, as Operating Advisor, dated August 7, 2018 ("TSA")[1] and establishing the trust that holds the Mortgage Loan (the "Trust").

---

[1] Capitalized terms not defined herein have the meaning provided for in the MLPA or TSA.

Ladies and Gentlemen:

*In accordance with TSA Section 2.9 and MLPA Section 8, the undersigned Special Servicer gives notice of a Material Breach and a Material Document Defect with respect to the Mortgage Loan and makes a formal "Repurchase Request" under the foregoing documents, or in the alternative, the Special Servicer requests that the Mortgage Loan Seller remedy the Material Breach and Material Document Defect identified in this Repurchase Request in accordance with TSA Section 2.9 and MLPA Section 8, including payment of the Trust's losses caused by the Material Breach and Document Defect described herein*.

### The Breach and Defect

The Borrower's obligation under the Mortgage Loan is secured by the Palmer House Hotel (the "Hotel") located in Chicago, Illinois. The Trust has incurred and continues to incur damages, including attorneys' fees, in responding to allegations raised by Thor Palmer House Office, LLC ("Thor Office") and in defending a counterclaim (the "Counterclaim") filed by Thor Office in the following action: *Wells Fargo Bank, N.A., as Trustee for the benefit of holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH, Commercial Mortgage Pass-Through Certificates, Series 2018-PHH, et al. v. Thor Palmer House Office, LLC, et al.,* Civil Action No. 2023CH06380 (Complaint filed July 11, 2023 and Counterclaim filed October 10. 2023). The Counterclaim, among other things, alleges that a certain license agreement, styled as the Temporary License Agreement, is the sole contract granting Borrower and Hotel access to and use of space in an adjacent and related building (the "Annex"), where lobby restrooms, meeting and storage rooms and other space necessary for the Hotel's operations are located, expired and was never renewed. The Counterclaim seeks eviction, ejectment and payment of license fees for past occupancy and use of the space in the Annex.

Although the Trustee is vigorously defending the allegations of the Counterclaim, if the court grants judgment in favor of Thor Office on its Counterclaim, it would constitute a "Material Breach" or "Material Document Defect" under the TSA and MLPA.

TSA Section 2.9(a) states, in pertinent part:

> "Upon discovery by . . . Special Servicer, of (i) a Material Breach of any representation and warranty set forth in Exhibit A to the Mortgage Loan Purchase Agreement, . . . or (ii) a Material Document Defect, such Person shall give prompt notice thereof to the other parties hereto, and upon receipt of such notice . . . ***the Special Servicer*** . . . ***shall use efforts consistent with Accepted Servicing Practices to cause the Mortgage Loan Seller***, to the extent obligated to do so under the Mortgage Loan Purchase Agreement, ***to cure such Material Document Defect or Material***

>    ***Breach, repurchase the Mortgage Loan or indemnify the Trust***.
>    …" (Emphasis added).

The MLPA includes the same language in Section 8.  The Trustee is evaluating other claims under the MLPA and TSA including potential breaches of representations and warranties.

Based on the allegations in the Counterclaim and accepting those allegations as true for purposes of providing this Notice, the representations provided in the MLPA never disclosed the risks that the Borrower's and the Hotel's right to access and use the Annex could be terminated by: (a) Thor Office at its election under the Temporary License Agreement ("License Agreement"),[2] or (b) the failure of Thor Office and Borrower to extend the License Agreement, an agreement under which the Trustee lacks privity to negotiate a renewal on reasonable terms if necessary, and that the Loan Agreement failed to include adequate protections to the Trust in the event of such termination.  The failure to provide protections to the Trust in the Loan Agreement and the failure to address those risks through the representations in the MLPA cause the Hotel-operations-related representations to be incomplete and misleading and as such, are breaches of the MLPA.

## **The Loan**

The Mortgage Loan was originated on June 8, 2018, in the amount of $333,200,000 as governed by the Loan Agreement.  The Borrower's obligations under the terms of the Mortgage Loan are secured by the Hotel.

The Loan Agreement describes two documents relevant to Thor Office's allegations: the Reciprocal Easement and Operating Agreement ("REA")[3] and the License Agreement.  Section 5.1.28 of the Loan Agreement states: "Borrower shall (and shall cause operating Lessee to) maintain the License Agreement, and prior to the expiration of the License Agreement, shall extend the term of the License Agreement to at least one (1) year following the applicable Maturity Date."  Loan Agreement at 88.  Sections 4.1.40 and 5.1 of the Loan Agreement required the Borrower to maintain the REA and the rights granted therein and included representations and warranties there was no default or breach of the REA.  Section 8.1 (v) of the Loan Agreement further

---

[2] The Loan Agreement defines the License Agreement to "mean that certain Temporary License Agreement between Operating Lessee and Thor Palmer House Office LLC, dated as of December 11, 2009, as amended by that certain First Amendment to Temporary License Agreement dated as of December 10, 2012, as further amended by that certain Second Amendment to Temporary License Agreement, dated as of November 12, 2015, as further amended by that certain Third Amendment to Temporary License Agreement, dated as of May 8, 2018, and as may be further amended in accordance with the terms herein."  Loan Agreement at 18.

[3] The Loan Agreement defines the REA to "mean that certain Palmer House Hotel, Chicago, Illinois, Reciprocal Easement and Operating Agreement, dated as of December 11, 2006, by and between Borrower, Thor Palmer House Office LLC, and Thor Palmer House Retail LLC, as the same has been and may be further amended, restated, replaced or otherwise modified from time to time.  Loan Agreement at 29.

3

states that an "Event of Default" has occurred if any representation or warranty or any document furnished to Lender shall have been false or misleading in any material respect as of the date made. Based on the allegations in the Counterclaim and accepting those allegations as true solely for purposes of providing this Notice, the failure to address the risks presented by the License Agreement is an Event of Default and, as explained below, constitutes a Material Breach and Material Document Defect under Section 7 of the MLPA.

## Hotel Operations

The Mortgage Loan was contributed to the Trust through the MLPA, dated July 27, 2018, and effective on August 7, 2018. The Borrower—Thor Palmer House Hotel & Shops, LLC—owns the Hotel.

The Palmer House office and hotel complex and related properties consisted of one parcel acquired by the Borrower around 2005. After acquisition, the Borrower split these properties into three parcels and transferred ownership of one of the newly-created three parcels to a different Thor Palmer House entity. The Borrower owns the parcel containing the Hotel. Retail space at the ground level is owned by Thor Palmer House Retail Shops, LLC. The Annex is the third and final parcel and is owned by Thor Office. As parts of the Annex are used for Hotel operations, the Hotel's ongoing right to access and use space in the Annex underlies the dispute between the Trustee and Thor Office.

The operations of the three Thor Palmer House entities owning parts of the complex are intertwined, and all three entities share space to conduct their operations. To address space-sharing issues, the three Thor Palmer House entities entered the REA, dated December 11, 2006, under which each entity granted to the other two entities easement rights of ingress, egress, and use of property within the respective building controlled by the granting Thor Palmer House entity. The Borrower and Thor Office also entered into the License Agreement on December 11, 2006, as amended ("License Agreement"), that Thor Office has alleged addresses other space in the Annex not covered by the REA but necessary for Hotel operations. This space includes bathrooms located on the lobby, a communications room, an employee cafeteria, meeting space, and storage space.

Borrower defaulted on the Mortgage Loan. The Trustee filed a complaint to foreclose on the Hotel and a receiver was appointed in August 2020.

## The Cook County Lawsuit and Counterclaims

On July 11, 2023, the Trustee, through Situs Holdings, LLC in its capacity as special servicer, filed a Declaratory Judgment Action in the Circuit Court of Cook County Illinois styled as *Wells Fargo Bank, N.A., as Trustee for the benefit of holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH, Commercial Mortgage Pass-Through Certificates, Series 2018-PHH, et al. v. Thor Palmer House Office, LLC et al.,* Civil Action No. 2023CH06380 (filed July 11, 2023). (A copy of the Trustee's Complaint in attached hereto as Exhibit B). The lawsuit seeks a

determination that the REA grants to the Hotel all rights needed to use Annex space necessary and required for the proper operation of the Hotel, consistent with the representations and warranties in the MLPA and Mortgage Loan and the Hotel's longstanding use of the Annex predating the REA and the License Agreement.

In response to the Trustee's lawsuit, on October 10, 2023, Thor Office filed a Counterclaim alleging that the License Agreement, not the REA, exclusively covers certain space in the Annex currently used and occupied by the Hotel for its operations. Thor Office alleges the License Agreement has expired and that the Hotel owes past fees for occupancy and use of the space, and for continued future use of the space. Thor Office seeks money damages and an order evicting the Hotel from the Annex space. (A copy of Thor Office's Counterclaim is attached hereto as Exhibit C). On January 5, 2024, the Trustee filed an answer denying Thor Office's Counterclaim and entitlement to relief. (A copy of the Trustee's answer is attached hereto as Exhibit D).

On January 5, 2024, the Receiver filed an answer denying Thor Office's Counterclaim and entitlement to relief. (A copy of the Receiver's answer is attached hereto as Exhibit E). Thor Office has made rent demands for the Borrower's continued future access and use of Annex space that Thor Office alleges is governed exclusively by the License Agreement. Thor Office is seeking as much as $2 million in annual rent.

The Trustee is defending Thor Office's Counterclaim. The Trustee is arguing that the REA provides the Hotel all rights to the Annex space used for operation of the Hotel. Such arguments, if successful, would confirm the representations and warranties in the MLPA and the Loan Agreement. There is risk, however, to the Hotel that the court will enter judgment in favor of Thor Office's allegations and counterclaim. Under such an outcome, the court would determine that the REA does not provide the Hotel all necessary use and access rights to the Annex, and that the License Agreement was not extended to one year past the Mortgage Loan maturity, as represented and warranted in the Loan Agreement and incorporated into the MLPA. Accordingly, the Trustee is providing notice of a Material Breach based on the above-referenced allegations raised in Thor Office's Counterclaim.

### The MLPA, Material Breach and Material Document Defect

*Material Breach*. In Section 7(c) of the MLPA, JPMCB provided representations and warranties as of the Closing Date (August 7, 2018) with respect to the Mortgage Loan as set forth in Exhibit A of the MLPA. The representations and warranties in Exhibit A included the representation and warranty that no "Event of Default" had occurred under the Loan Agreement. Events that constitute an "Event of Default" under the Loan Agreement are enumerated in Section 8.1 of the Loan Agreement. An Event of Default occurs under Section 8.1(v)

> "if any representation or warranty made by Borrower or Operating Lessee herein or in any other Loan Document, or in any report, certificate, financial statement or other instrument, agreement or document furnished to Lender ***shall have been false or misleading***

5

>   ***in any material respect*** as of the date the representation or warranty
>   was made." (Emphasis added).

Based on the allegations in the Counterclaim and accepting those allegations as true for purposes of providing this Notice, Thor Office contends that the Borrower's (and Hotel's) rights to access and use of the specific space in the Annex described in the License Agreement are not provided for in the REA and that the REA alone does not grant the Borrower rights to use and access the Annex space described in the License Agreement. Borrower requires access to, and use of, the space in the Annex that it has historically used, and is using, for the operation of the Hotel. These allegations present risk to the Hotel. According to Thor Office, the REA does not protect against that risk of losing access to the Annex space, and nothing in the Loan Agreement protects the Trust in the event access to the Annex is lost and Borrower defaults on the Mortgage Loan. The risk to Hotel of having no access to and use of the Annex, which is critical to the operation of the Hotel, at the will of Thor Office was never disclosed or addressed in the Loan Agreement and result in the representations in the Loan Agreement regarding the ability of the Hotel to operate being materially false or misleading. The omission is an Event of Default and a breach of the representation and warranty of Section 7(c) of the MLPA.

Based on the allegations in the Counterclaim and accepting those allegations as true for purposes of providing this Notice, a Material Breach occurred because JPMCB failed to have the Borrower enter into agreements that fully ensure the Hotel has access to and use rights of the Annex necessary for Hotel operations. This is a breach of representations, warranties, and covenants, in the MLPA that JPMCB separately made in the MLPA.

As discussed above, the Hotel relies on space in the Annex that is owned by Thor Office. To ensure the Hotel's rights to access and use specified space in the Annex, Borrower entered the REA and License Agreement that purport to grant Borrower access and use rights to parts of the Annex used by the Hotel.[4] The MLPA references both the REA and the License Agreement and incorporates by reference the representations regarding those agreements made in the Loan Agreement, including the representations that both agreements are to continue beyond the Maturity Date of the Mortgage Loan. In the Cook County litigation, the Trustee is arguing that the REA provides all necessary access and use rights to the space in the Annex; Thor Office is arguing that the License Agreement is the only agreement that provides access and use rights to the Annex space described therein. Assuming for purposes of this notice that

---

[4] Thor Office contends the License Agreement is the sole agreement addressing access and use of space in the Annex for public bathrooms at the Hotel lobby level, the Hotel employee cafeteria (Floor 2), the Wabash Room (Floor 3), storage space for the Grand/State Ballroom (Floor 4), space for the Hotel Communications Department (Floor 5), and a mechanical room (Floor 6). Access and use of the space covered by the License Agreement is critical to the Hotel's operations. The License Agreement expired and was not extended or modified. Section 9 of the License Agreement states that Borrower must "quietly and peaceably surrender the licensed premises" upon expiration of the License Agreement. Surrendering the licensed premises would adversely impact the Hotel's operations.

Thor Office prevails in the Cook County litigation, the failure to ensure Borrower and the Hotel have access to and use of the Annex space, or to allow those access rights to be terminated by Thor Office at will, and the failure to disclose the risks of Borrower's rights regarding the Annex space are breaches of the MLPA.

JPMCB further represented, warranted, and covenanted that the Hotel had the necessary rights, permits and certifications necessary to continue operating as a hotel as it had been operating for the term of the Mortgage Loan. These representations, warranties, and covenants included that the Hotel had access to, and use of, the Annex space required to operate the Hotel and those rights were in perpetuity. Based on the allegations concerning the License Agreement set forth in Thor Office's pleadings, JPMCB breached those representations, warranties, and covenants. Because of the alleged distinct rights granted only under the License Agreement, if the court enters judgment in favor of Thor Office on its Counterclaim, JPMCB's failure to have Borrower renew the License Agreement for a period at least one year beyond the Maturity Date of the Mortgage Loan is an Event of Default under the provisions cited above. That "Event of Default" is a Material Breach of the MLPA. If the court enters judgment in favor of Thor Office on its Counterclaim, JPMCB has failed to have the Borrower enter into agreements that ensure the Hotel has access and use rights to the space in the Annex necessary to operate the Hotel.

*Material Document Defect*. The allegations by Thor Office also give rise to a Material Document Defect. A Material Document Defect applies to the underlying Loan Documents.[5]

Section 3 of the MLPA requires the Seller to deliver "Mortgage Loan Documents, including all documents or instruments with respect to the Mortgage Loan set forth in the definition of 'Mortgage File' in the [TSA]."[6] Section 8(a) of MLPA further defines a *"*Material Document Defect" as occurring when *"any document* required to be delivered [by the Seller] to the Purchaser . . . pursuant to Section 3 is . . . defective *(. . . a 'Defect') . . . [and] if such Defect . . . materially and adversely affects the value of the Mortgage Loan or the interest of the Purchaser."* (Emphasis added.)

If the allegations of the Counterclaim are true and the License Agreement expired before June 7, 2020, then the License Agreement, which is a Mortgage Loan Document, is "defective" as the License Agreement was not extended through the Maturity Date, and there was no right or ability for the Trust to enforce that right. If the

---

[5] The term, "Loan Documents," is defined to include **"all other documents and instruments now or hereafter executed and/or delivered by Borrower, Operating Lessee or Guarantor *with respect to the Loan . . . .*"** Mortgage Loan at 18. The Mortgage Loan also expressly references, the "License Agreement" between the Borrower and Thor Palmer House Office LLC, *id.*, and requires Borrower to "maintain the License Agreement, . . . [to] extend the License Agreement to at least one (1) year following the applicable Maturity Date," which was initially June 9, 2020. *Id.*, § 5.1.28

[6] Section 2.1(b) of the TSA defines the term, "Mortgage File" to include the "REA," which is the Palmer House Hotel, Chicago, Illinois, Reciprocal Easement and Operating Agreement, dated as of December 11, 2006, by and between Borrower, Thor Palmer House Office LLC and Thor Palmer House Retail LLC, as the same has been and may further be amended, restated, replaced or otherwise modified from time to time." TSA at 64-65.

court enters judgment in favor of Thor Office on its Counterclaim, this defect materially affects the value of Mortgage Loan.

### **15Ga-1 Notice**

TSA Section 2.2(d) provides the following:

> "Each Rule 15Ga-1 Notice shall include (i) the identity of the related Mortgage Loan, (ii) the date the Repurchase Communication of the Repurchase Request, Repurchase Request Withdrawal, Repurchase or Repurchase Request Rejection, as applicable, was received and (iii) in the case of a Repurchase Request, (A) the identity of the Person making such Repurchase Request, (B) if known, the basis for the Repurchase Request (as asserted in the Repurchase Request) and (C) a statement from the Repurchase Request Recipient as to whether it currently plans to pursue such Repurchase Request."

In accordance with Section 2.2(d) of the TSA:

(i) the Loan that is the subject of this 15Ga-1 Notice is the Mortgage Loan as defined in the TSA;

(ii) the 15Ga-1 Repurchase Request is dated as of the date hereof;

(iii) the party making the Repurchase Request is the Special Servicer; the basis for the Repurchase Request is the breaches of the MLPA concerning the Events of Default under the Loan Agreement including the false and/or misleading disclosures concerning the rights of Thor Office under the License Agreement and the failure to extend License Agreement, and the obligation of Borrower to take action to ensure the License Agreement continues in force and effect, which obligations were incorporated into the MLPA through Exhibit A thereto.  This is a Repurchase Request.

********

Should you have any questions regarding this matter, please contact the undersigned at (913) 205 5052.  We look forward to your reply by February 29, 2024.

Situs Holdings, LLC, a Delaware limited liability company, Special Servicer on behalf of Wells Fargo, National Association, as Certificate Administrator and Trustee, for the benefit of the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH

By: _____
Name: Kevin S. Semon
Title: Director, Special Servicing
Situs Holdings, LLC
kevinsemon@situsamc.com

# EXHIBIT A

# EXHIBIT A

**Depositor  (VIA OVERNIGHT DELIVERY AND EMAIL)**

J.P. Morgan Chase Commercial Mortgage Securities Corp.
383 Madison Avenue, 8th Floor
New York, New York 10179
Attn: Kunal K. Singh
Email: US_CMBS_Notice@jpmorgan.com

J.P. Morgan Chase Commercial Mortgage Securities Corp.
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Bianca A. Russo, Esq.
Email: US_CMBS_Notice@jpmorgan.com

**Mortgage Loan Seller**
J.P. Morgan Chase Commercial Mortgage Securities Corporation
383 Madison Avenue, 8th Floor
New York, New York 10179
Attn: Kunal K. Singh
Email: US_CMBS_Notice@jpmorgan.com

JPMorgan Chase Bank, National Association
383 Madison Avenue, 8th Floor
New York, New York 10179
Attn: Kunal K. Singh
Email: US_CMBS_Notice@jpmorgan.com

J.P. Morgan Chase Commercial Mortgage Securities Corporation
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Bianca A. Russo, Esq.
Email: US_CMBS_Notice@jpmorgan.com

JP Morgan Chase Bank, National Association
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Bianca A. Russo, Esq.
Email: US_CMBS_Notice@jpmorgan.com

**Trustee  (VIA OVERNIGHT DELIVERY, FACSIMILE, AND EMAIL)**
Wells Fargo Bank, National Association
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Corporate Trust Services (CMBS) – J.P. Morgan Chase Commercial Mortgage Trust Securities Trust 2018-PHH
Fax:  (410) 715-2380
Email: cts.cmbs.bond.admin@wellsfargo.com
          trustadministrationgroup@wellsfargo.com

**Certificate Administrator  (VIA OVERNIGHT DELIVERY, FACSIMILE, AND EMAIL)**
Wells Fargo Bank, National Association
9062 Old Annapolis Road
Columbia, Maryland 21045
Attn: Corporate Trust Services (CMBS) – J.P. Morgan Chase Commercial Mortgage Trust Securities Trust 2018-PHH
Fax:  (410) 715-2380
Email: cts.cmbs.bond.admin@wellsfargo.com
          trustadministrationgroup@wellsfargo.com

**Custodian  (VIA OVERNIGHT DELIVERY AND EMAIL)**
Wells Fargo Bank, National Association
1055 10th Avenue, Southeast
Minneapolis, Minnesota 55414
Attention: CTS-Document Custody Group J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH
Email: cmbscustody@wellsfargo.com

**Servicer  (VIA OVERNIGHT DELIVERY, FACSIMILE, AND EMAIL)**
KeyBank National Association
11501 Outlook Street, Suite 300
Overland Park, Kansas 66211
Attention: Michael Tilden
Fax: (877) 379-1625
Email: Michael_a_tilden@keybank.com

Polsinelli
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
Attention: Kraig Kohring
Fax: (816) 753-1536
Email: kkohring@polsinelli.com

**Operating Advisor  (VIA OVERNIGHT DELIVERY AND EMAIL)**
Park Bridge Lender Services LLC
600 Third Avenue, 40th Floor
New York, New York 10016
Attention: J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH – Surveillance Manager
Email copy: cmbs.notice@parkbridgefinancial.com

**Initial Purchaser(s)  (VIA OVERNIGHT DELIVERY AND EMAIL)**
J.P. Morgan Securities LLC
383 Madison Avenue, 8th Floor
New York, New York 10179
Attention: SPG Syndicate
Email: ABS_Synd@jpmorgan.com

J.P. Morgan Securities LLC
4 New York Plaza, 21st Floor
New York, New York 10004
Attn: Bianca A. Russo, Esq.
Email: US_CMBS_Notice@jpmorgan.com

Academy Securities, Inc.  **(VIA OVERNIGHT DELIVERY AND FACSIMILE)**
277 Park Avenue, 35th Floor
New York, New York 10172
Attention: Michael Boyd, Chief Compliance Officer
Fax: (646) 791-5945

Drexel Hamilton, LLC  **(VIA OVERNIGHT DELIVERY AND FACSIMILE)**
77 Water Street
New York, New York 10005
Attention: John D. Kerin, Director of Debt Syndicate
Fax: (646) 412-1500

**Outside Counsel for the Depositor  (VIA OVERNIGHT DELIVERY, FACSIMILE, AND EMAIL)**
Bonnie Neuman, Esq.
Nicholas Brandfon, Esq.
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York 10281
Email: Bonnie.Neuman@cwt.com
           Nicholas.Brandfon@cwt.com
Fax: (212) 504-6666

# EXHIBIT B

Complete Copy transmitted via Overnight Delivery

# EXHIBIT C
Complete Copy transmitted via Overnight Delivery

# EXHIBIT D

Complete Copy transmitted via Overnight Delivery

# EXHIBIT E

Complete Copy transmitted via Overnight Delivery