# EXHIBIT 10

# CADWALADER

Cadwalader, Wickersham & Taft LLP
650 South Tryon Street, Charlotte, NC  28202
Tel +1 704 348 5100   Fax +1 704 348 5200
www.cadwalader.com

February 13, 2024

**VIA E-MAIL**

Ron Raider, Esq.
Kilpatrick Townsend & Stockton LLP
Suite 2800 | 1100 Peachtree Street NE
Atlanta, GA 30309-4528

Re:   Situs Notice and Repurchase Request

Dear Ron:

We write, on behalf of JPMorgan Chase Bank, National Association ("JPMCB"), in response to Situs Holdings, LLC's ("Situs's") January 24 letter (the "Situs Notice") purporting to conditionally notice a material breach and contingent repurchase request under the TSA and MLPA (as those terms are defined in the Situs Notice).[1]

The Situs Notice is strange: it is conditioned on Situs's current, reasonably held beliefs being untrue and a hypothetical outcome in its litigation with Thor (the "Annex Action").[2]  But no matter how that litigation plays out, there is no document defect and JPMCB has breached nothing.  That is so for many reasons, several of which we have communicated to you over the past year.  We highlight two here.

*First*, JPMCB's representations are entirely accurate.  Those representations cover JPMCB's "actual knowledge" in 2018.  JPMCB has no crystal ball, and thus had no actual knowledge that, years later, Thor affiliates would concoct a dispute over the Annex space, in breach of its covenants.  "Actual knowledge" means what it says, not 20/20 hindsight.  No unexpected result in the Annex Action can change any of this.  Thus, there is no Material Breach.[3]

---

[1] Given our communications on this matter, we understand you to be the appropriate recipient of this letter.  If additional counsel should be included on future correspondence, please let us know.

[2] This term refers to the Situs-Thor litigation styled *Wells Fargo Bank, N.A., as Trustee for the benefit of holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2018-PHH, Commercial Mortgage Pass-Through Certificates, Series 2018-PHH, et al. v. Thor Palmer House Office, LLC, et al.*, Civil Action No. 2023CH06380 (Ill. Ch., filed July 11, 2023).

[3] As defined in the MLPA.

**Jonathan M. Watkins**   Tel +1 704 348-5129   Fax +1 704 348-5200   jonathan.watkins@cwt.com

CADWALADER

February 13, 2024

*Second*, no future ruling in the Annex Action can create a Material Document Defect in the License Agreement.[4]

Therefore, JPMCB denies the existence of a Material Breach or a Material Document Defect, and demands that Situs withdraw its notice and repurchase request.

1. **There is No Material Breach.**

Contrary to the Situs Notice's assertions, no ruling contemplated in the Annex Action can somehow cause JPMCB to have breached a representation in 2018. JPMCB's 2018 representations, warranties, disclosures—all of which are limited to JPMCB's "actual knowledge" in 2018—were accurate at the only time that matters: when they were made.

To reach a different conclusion, Situs distorts the nature of JPMCB's representations. Situs claims that "the MLPA references both the REA and the License Agreement and incorporates by reference the representations regarding those agreements made in the Loan Agreement" and that those representations can thus be attributed to JPMCB. (Situs Notice at 6-7.) Nonsense. The parties' agreement is clear, unequivocal, and to the contrary.

Situs also asserts that *Borrower's covenant* that Thor will maintain access to the Annex space should be treated as if it were a *Lender representation*. (*See* Situs Notice at 6.) But there is no basis to do so. Nor would doing so make sense. As with all representations, JPMCB's representations cover facts as they existed (to JPMCB's actual knowledge) at the time of closing. And the accuracy of such representations are judged as of the time they are made—here, the 2018 closing, at which time the JPMCB's representations were accurate. Thor, by contrast, *did* make promises about what would happen in the future—it promised to maintain access to the Annex. But those covenants are Thor's alone. JPMCB made no guarantee that Thor would abide by its forward-looking covenants for all time.

Despite Situs's assertions, the scope of JPMCB's representations is clear. The parties agreed that the sale of the Mortgage Loan Agreement was "as-is," with representations and warranties limited to those in Sections 7 and 8 or Exhibit A of the MLPA:

> SECTION 6 **"AS-IS" SALE**. **THE SELLER MAKES NO REPRESENTATIONS OR WARRANTIES OTHER THAN THOSE SET FORTH IN SECTION 7 OR EXHIBIT A. THE SALE OF THE TRANSFERRED LOAN ASSETS TO THE**

---

[4] As defined in the MLPA.

CADWALADER

February 13, 2024

**PURCHASER SHALL BE "AS IS" AND MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY (EXCEPT AS SPECIFICALLY SET FORTH IN OR REFERRED TO IN SECTIONS 7 AND 8 OR EXHIBIT A).**

(MLPA § 6.)  Between those sections and that exhibit, there is a single potentially relevant representation by JPMCB, and it is qualified to the "actual knowledge" after "due inquiry" of those individuals at JPMCB "actively involved" at the time of the 2018 MLPA:

> To the best of the Seller's Knowledge (as defined below) after due inquiry, (A) there is no monetary or material non-monetary Event of Default (as defined in the Loan Agreement) existing under any of the Mortgage Loan Documents, (B) there is no event which, with the passage of time or with notice and the expiration of any applicable grace or cure period, would constitute a material Event of Default under any of the Mortgage Loan Documents and (C) the Seller has not waived any Event of Default. "Seller's Knowledge" means the actual knowledge of any of the individuals at the applicable Seller who were actively involved in the origination, administration or servicing of the Mortgage Loan.

(MLPA Ex. A § 4.)

That representation and warranty is entirely accurate.  In 2018, JPMCB had waived no Event of Default and no one at JPMCB had actual knowledge of any existing or inchoate Event of Default.

Instead, JPMCB and the other parties knew what Situs now asserts in its Verified Complaint. Thor Hotel is entitled to use the Annex space—a right rooted in both the Thor parties' agreements and their course of conduct since the building was partitioned in 2006.  In 2018, as both JPMCB and Situs knew, an express easement was in place (the Reciprocal Easement Agreement dated as of December 11, 2006, as amended on September 28, 2012 (the "REA")); both Thor Hotel and Thor Office were subject to a cooperation covenant under the REA; and there was a current, operative license agreement between those two Thor affiliates (the "License Agreement").  In fact, the Thor affiliates had extended that agreement at least three times, without issue, in the decade preceding 2018.  (*See* Ver. Compl. ¶¶ 112-143.)  There was simply nothing to suggest an Event of Default.

The genesis of Thor's made-for-litigation position underscores the point.  As set forth in Situs's Verified Complaint, facing summary judgment in the Foreclosure Action[5] in 2022, Thor

---

[5] Case No. 2020CH05640 (Ill. Cir. Ct. Cook Cty., filed Aug. 20, 2020) (the "Foreclosure Action").

Page 3

CADWALADER

February 13, 2024

manipulated its affiliate to demand payment of licensing fees—and thus violated its own waiver of payment and its ongoing covenants, including the REA's cooperation covenant.  (*See* Ver. Compl. ¶¶ 97-105.)  Thor, by this gambit, seeks to claw back funds lost in the foreclosure and to use as leverage in the Foreclosure Action the threat of overdue license payments and blocking access to the Annex space.

JPMCB, of course, had no knowledge in 2018 that a 2020 global pandemic would shut down the Palmer House Hotel; Thor would default on its loan for nonpayment, lose control of the Thor Hotel to a receiver, and be foreclosed on; and then concoct its scheme.

Nor is JPMCB alone in what it knew in 2018.  Situs shares JPMCB's understanding and views, then and now, and has represented those facts and views to the court.  Situs cannot assert in good faith—much less credibly—JPMCB had far different "actual knowledge" in 2018.

   2.   **There Is No Material Document Defect.**

The Situs Notice also theorizes that "[i]f the allegations of the [Annex Action] counterclaim are true" then the License Agreement is rendered "defective" and "if the court enters judgment in favor of Thor office . . . this defect materially affects the value of the Mortgage Loan."  (Situs Notice at 7-8.)  But nothing about the License Agreement is defective, much less in a way that amounts to a Material Document Defect.

As outlined above—and as Situs pled under oath—there was no whiff of any issue under the oft-renewed License Agreement until two Thor affiliates conspired to create one in 2022.  A suitable written license was delivered in 2018 and .  Thor Hotel continued to use the Annex for several years.  It also made monthly license payments to Thor Office through April 2020 when, at the onset of COVID-19, Thor Office waived (in writing) any additional license payments "until further notice."  (Ver. Compl. ¶ 86.)  With "further notice" nowhere in sight, payment continued to be waived (and the Thor affiliates continued to cooperate) until 2022—well over a year past the loan's maturity date of June 7, 2020.  (*Id.* ¶¶ 97-98.)

For these reasons and those stated above, there is no material defect with the License Agreement. Even with Thor's launch of its self-interested scheme in 2022, no future ruling in the Annex Action can create a Material Document Defect with the License Agreement.

*   *   *

# CADWALADER

February 13, 2024

Because the Situs Notice fails to provide notice of a Material Breach or a Material Document Defect, JPMCB demands that Situs withdraw its notice and repurchase request. JPMCB reserves all rights.

Very truly yours,

Jonathan M. Watkins

JMW/jah